O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM LEE GRAY, | ) | CASE NO. ED CV 14-0524 PA (RZ) |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| KIM HOLLAND, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, the undersigned submits this Second Report and Recommendation to the Honorable Percy Anderson, United States District Judge. The undersigned recommends that the Court dismiss the habeas petition without prejudice as "mixed" *if and only if* Petitioner does not file a fully-exhausted amended petition – presenting only exhausted claims – within 30 days of acceptance of this Report.

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (emphasis added). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). In the usual case, however, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

To exhaust state remedies, a petitioner must fairly present his contentions to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). In the state proceeding, the petitioner must describe *both* the operative facts and the federal legal theory underlying his claim. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Exhaustion must be established with respect to each and every claim, since a habeas petition which includes both exhausted and unexhausted claims (*i.e.*, a "mixed" petition) must be dismissed in its entirety. *Rose*, 455 U.S. at 522.

Here, Petitioner candidly states that the latter five of his eight claims have not yet been exhausted and "are currently pending in state court." Pet. ¶ 13(a). The petition thus is mixed and must be dismissed if it remains in that state.

Petitioner has many options at this point, *see Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005), but the Court declines to provide legal advice. *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004).

Whatever course of action Petitioner chooses to pursue will entail risk, such as the running of the statute of limitations, 28 U.S.C. § 2244(d), which is not statutorily tolled by the pendency of this federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 274-75, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Only Petitioner, however, can identify and assess his risks. Whichever course Petitioner chooses to pursue does not change the Court's obligation to dismiss the Petition in its present state. *See Ford*, 542 U.S. at 230.

///

///

For the foregoing reasons, IT IS RECOMMENDED that the District Court accept the findings in this Report and dismiss the action without prejudice as "mixed" *if* Petitioner does not file a fully exhausted First Amended Petition within 30 days of the acceptance order.

DATED: March 19, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE