KAMALA D. HARRIS
Attorney General of California
KEVIN VIENNA
Supervising Deputy Attorney General
ANGELA M. BORZACHILLO
Deputy Attorney General
State Bar No. 170717
  110 West A Street, Suite 1100
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 525-4393
  Fax:  (619) 645-2271
  E-mail:  Angela.Borzachillo@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM LEE GRAY,** | EDCV 14-0524 PA (RZ) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | |
| **KIM HOLLAND, Warden,** | |
| Respondent. | Judge:     The Honorable Ralph Zarefsky |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS ..................................................................................1

STATEMENT OF THE CASE ............................................................................3

STANDARD OF REVIEW ................................................................................5

ARGUMENT......................................................................................................6

    I.    Gray's Claim That Trial Counsel Was Ineffective For Failing To Adequately Argue A Suppression Motion Is Not Cognizable, Procedurally Barred And, In Any Event, Is Without Merit ................6

        A.    Background...........................................................................7

        B.    A Fourth Amendment challenge is not cognizable in federal habeas corpus proceedings ...........................................8

        C.    Gray's ineffective assistance of counsel claim is procedurally barred ..............................................................8

        D.    This claim is without merit .................................................8

    II.    Ground Two Is The Same Claim Made In Ground One ...................10

    III.    Because Gray Was Permitted Face-To-Face, Unmonitored Meetings With His Attorney In The Courtroom, His Claim Of A Denial Of Counsel Is Without Merit ..................................................10

        A.    Background.........................................................................11

        B.    This claim is without merit ...............................................11

    IV.    Because The Jury Instructions Were A Correct Statement Of The Law, Appellate Counsel Was Not Ineffective For Failing To Challenge Them On Appeal .........................................................12

    V.    Ground Five Was Addressed In Conjunction With Ground Four Above .......................................................................................14

    VI.    There Was Substantial Evidence To Support Gray's Conviction For Photographing The Sexual Conduct Of A Minor .......................14

    VII.    There Was Substantial Evidence To Support Gray's Conviction For Committing A Lewd Act On A Minor Under Fourteen By Force.................................................................................................18

    VIII.    Gray's Claim That His Consecutive Life Sentences Constituted Cruel And Unusual Punishment Fails To State A Federal Question, Is Procedurally Barred, And Was Reasonably Rejected By The State Court, As The Trial Court Properly Sentenced Him Under California Law For Sexually Molesting Multiple Victims, To Wit, Four Little Girls ..................................19

        A.    This Claims Fails To State A Federal Question....................19

        B.    This Claim Is Procedurally Barred .........................................20

i

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3      C.    This claim is not cognizable in federal habeas corpus
             proceedings...........................................................................22

4      D.    Gray's Federal Claim Is Without Merit...................................22

5   IX.   No Evidentiary Hearing Is Warranted .............................................23

6   CONCLUSION ...........................................................................................24

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

CASES

*Barefoot v. Estelle*
   463 U.S. 880, 103 S. Ct. 3383, 77 L. Ed.2d 1090 (1983) ...........................18, 19

*Baumann v. United States*
   692 F.2d 565 (9th Cir. 1982)........................................................................10

*Bell v. Uribe*
   729 F.3d 1052 (9th Cir. 2013)........................................................................6

*Bennett v. Mueller*
   322 F.3d 573 (9th Cir. 2003)....................................................................20, 21

*Bradshaw v. Richey*
   546 U.S. 74, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) ...................................14

*Brown v. Mayle*
   283 F.3d 1019 (9th Cir. 2002)........................................................................22

*Cavazos v. Smith*
   ___ U.S. ___, 132 S. Ct. 2, 181 L. Ed.2d 311 (2011) ......................................16

*Cullen v. Pinholster*
   ___ U.S.___, 131 S. Ct. 1388, 179 L. Ed.2d 557 (2011) ........................5, 6, 24

*Estelle v. McGuire*
   502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ....................................19

*Ewing v. California*
   538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) ..................................22

*Ex parte Dixon*
   41 Cal. 2d 756 (1953) ............................................................................13, 20

*Gordon v. Duran*
   895 F2d 610 (9th Cir. 1990)............................................................................8

*Gregg v. Georgia*
   428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed.2d 859 (1976) ....................................22

## TABLE OF AUTHORITIES
### (continued)

Page

*Hain v. Gibson*
 287 F.3d 1224 (10th Cir. 2002) ........................................................................13

*Harrington v. Richter*
 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed.2d 624 (2011) .....................................6

*Harris v. Reed*
 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) .................................8

*Herrera v. Collins*
 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed.2d 203 (1993) ..................................15

*Houston v. Lack*
 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988) ..................................4

*In re Robbins*
 18 Cal. 4th 770, 77 Cal. Rptr.2d 153, 959 P.2d 311 (1998)........................13, 20

*In re Walker*
 10 Cal. 3d 773 (1974) .......................................................................................13

*Jackson v. Virginia*
 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ...................................15

*James v. Borg*
 24 F.3d 20 (9th Cir. 1994)..................................................................................10

*Johnson v. Williams*
 ___ U.S. ___, 133 S. Ct. 1088, 185 L. Ed. 2d 105 (2013) .................................6

*Jones v. Ryan*
 691 F.3d 1093 (9th Cir. 2012)............................................................................14

*Lewis v. Jeffers*
 497 U.S. 764 (1990)............................................................................................21

*Lockyer v. Andrade*
 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) .................................22

*Miles v. Prunty*
 187 F.3d 1104 (9th Cir. 1999)..............................................................................4

1

2

# TABLE OF AUTHORITIES
## (continued)

Page

3

4

*Miller v. Fenton*
   474 U.S. 104, 106 S. Ct. 445, 88 L. Ed. 2d 405 (1985) ......................................3

5

6

*Miller v. Vasquez*
   868 F.2d 1116 (9th Cir. 1989)...............................................................................22

7

8

*Park v. California*
   202 F.3d 1146 (9th Cir. 2000)................................................................13, 20

9

*People v. Johnson*
   26 Cal.3d 557, 162 Cal. Rptr. 431, 606 P.2d 738 (1980)..................................15

10

11

*People v. Kongs*
   30 Cal.App.4th 1741 (1994)..................................................................................14

12

13

*Schriro v. Landrigan*
   550 U.S. 465, 127 S. Ct. 1933, 167 L. Ed.2d 836 (2007) ............................7, 23

14

15

*Slack v. McDaniel*
   529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000) ................................24

16

17

*Smith v. Crones*
   No. 2:07-cv-02004-AK, 2010 WL 1660240 (E.D. Cal. April 22, 2010)
   (Kozinski, J.) ........................................................................................................21

18

19

*Smith v. Robbins*
   528 U.S. 259, 120 S. Ct. 746, 145 L. Ed.2d 756 (2000) ................................13

20

21

*Stone v. Powell*
   428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed.2d 1067 (1976) ....................................8

22

23

*Strickland v. Washington*
   466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ....................................7

24

25

*Stuard v. Stewart*
   401 F.3d 1064 (9th Cir. 2005)................................................................................5

26

27

*Sturm v. California Adult Authority*
   395 F.2d 446 (9th Cir. 1967).................................................................................22

28

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4
*Sully v. Ayers*
    725 F.3d 1057 (9th Cir. 2013)...............................................................23

5

6
*Swan v. Peterson*
    6 F.3d 1373 (9th Cir. 1993)...........................................................18, 19

7

8
*Tilcock v. Budge*
    538 F.3d 1138 (9th Cir. 2008)..............................................................3

9
*Totten v. Merkle*
    137 F.3d 1172 (9th Cir.1998)..............................................................23

10

11
*United States v. Marshank*
    777 F.Supp. 1507 (N.D. Cal. 1991)....................................................11

12

13
*United States v. Tamura*
    694 F.2d 591 (9th Cir. 1982)..............................................................10

14

15
*Walker v. Martin*
    562 U.S. 307, 131 S. Ct. 1120, 179 L. Ed. 2d 62 (2011) ..............5, 20

16

17
*Watts v. Bonneville*
    879 F.2d 685 (9th Cir. 1989)..............................................................22

18

19
*Wildman v. Johnson*
    261 F.3d 832 (9th Cir. 2001)..............................................................13

20

21
*Yarborough v. Alvarado*
    541 U.S. 652, 124 S. Ct. 2140, 158 L. Ed.2d 938 (2004) ...................7

22
*Ylst v. Nunnemaker*
    501 U.S. 797, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) ..................6

23

24

25

26

27

28

# TABLE OF AUTHORITIES
## (continued)

Page

**STATUTES**

California Penal Code
    § 236 ...................................................................................2, 3
    § 288, subd. (a) ..........................................................1, 3, 4
    § 288, subd. (b) .......................................................3, 18, 19
    § 288, subd. (b)(1) ................................................2, 3, 5, 18
    § 311.4 ..........................................................................5
    § 311.4, subd. (c) ...................................................1, 3, 12, 14
    § 311.4, subd. (d)(1) ....................................................16
    § 311.11, subd. (a) .........................................................3
    § 647.6, subd. (a) ..........................................................3
    § 654 ..........................................................................22
    § 664 ...........................................................................3
    § 667.61, subd. (e)(4) ....................................................4
    § 667.61, subd. (e)(5) ....................................................4
    § 1538.5 .......................................................................8

United States Code, Title 28
    § 2253(c) .....................................................................24
    § 2254(d) ...............................................................3, 6, 23
    § 2254(d)(1) ..............................................................5, 24
    § 2254(d)(2) ..................................................................5

**CONSTITUTIONAL PROVISIONS**

California Constitution ........................................................19

California Supreme Court's post-*Robbins* ...............................21

Eighth Amendment ......................................................22, 23

Fifth Amendment ...............................................................11

Fourth Amendment .....................................................4, 6, 8, 10

Sixth Amendment .............................................................11

**PRELIMINARY STATEMENT**

Petitioner William Lee Gray sexually molested four little girls, including his brother's eight-year-old daughter and another seven-year-old niece. A jury found him guilty, the trial court sentenced him to forty-five years to life in state prison, the court of appeal affirmed his convictions, and the California Supreme Court denied review. Gray then filed a series of petitions for writ of habeas corpus in the state courts, all of which were denied. (See Appendix.) He now petitions this Court for a writ of habeas corpus. His Petition should be denied because his claims are alternatively procedurally barred and without merit, rendering the state court's rejection of the claims reasonable.

**STATEMENT OF FACTS[1]**

**Counts 1 and 2 (§§ 288, subd. (a) & 311.4, subd. (c)): M.G.**

On May 22, 2008, Gray visited his brother, D.G., at D.G.'s house. M.G., D.G.'s eight-year-old daughter, was watching television in the living room with Gray during the visit. While alone with M.G. in the living room, Gray began taking photographs of her. He instructed her to lift up her blouse and took her photograph. M.G. was uncomfortable and did not want Gray to see her chest. She tried to cover her chest with her hand, but Gray pushed it away.

Gray took multiple photographs of M.G. In one, M.G. pulled up her blouse and the photograph is taken from behind her with her buttocks lifted up as she rests on her knees and lies forward on her shoulders. In another, M.G. is lying on her back with her blouse pulled up and her nipples exposed and her legs are somewhat spread. The photograph is taken from the front of her. In another, M.G. is on her hands and knees, looking back at the camera. The orientation of the photograph is from behind M.G. In the fourth photograph, M.G. is

---

[1] The Statement of Facts and a portion of the Statement of the Case are taken verbatim from the unpublished court of appeal opinion in *People v. Gray*, case no. D059196. (Lod. No. 10.) The court set forth a summary of the evidence in support of counts one through four, as the other counts were not at issue. Specific citation to the record can be found in the parties' briefs, lodgment numbers 7 and 8. Respondent will cite to the Clerk's and Reporter's Transcripts as "CT" and "RT" (Lod. Nos. 1-6), respectively, as pertinent to the claims.

in a similar position as the first photograph, except the photograph is predominately of M.G.'s buttocks.  In all four photographs, M.G. appears to be smiling at the camera and is clothed in pants and a blouse.  Her blouse, however, is pulled up in three of the four pictures.

D.G. returned to the living room to find M.G. on the floor on all fours and Gray holding up M.G.'s shirt taking a picture.  Gray slowly lowered his camera.  D.G. did not do anything, but thought the incident was strange.

M.G. told her parents that Gray made her lift her blouse and took pictures of her.  M.G. told them she tried to cover her chest and Gray moved her hand away.  She also told her parents that Gray tickled her and put his hand down her pants.  While it is not clear if M.G. told her parents where she was tickled, at trial M.G. testified that Gray had tickled her "rear end."  M.G.'s mother reported the incident to the police.

### Counts 3 and 4 (§§ 288, subd. (b)(1) & 236): M.C.

M.C., D.G.'s niece, went to D.G.'s house for Thanksgiving dinner when she was seven years old.  Gray also was there.  At some point that night, Gray and M.C. were in a bedroom, and Gray asked M.C. to come over to see him.  She complied, and then Gray picked her up and put her on his lap.  While M.C. was sitting on his lap, Gray kissed her on the mouth.  M.C. was very uncomfortable and tried to get off Gray's lap.  Gray told M.C. not to tell her parents what he had done.  Gray's instruction scared M.C.

After M.C. was able to get off Gray's lap, Gray grabbed her hand and "pulled" her to a more secluded area of the room, near the closet.  He grabbed her under her arms and laid her down on the ground on her back.  Gray kneeled down at M.C.'s feet and bent over her.  He then grabbed the bottom of her shorts and pulled them down to the middle of her thighs, exposing her underwear.  M.C. kicked Gray.  M.C.'s brother and cousin walked over and Gray let go.  Gray picked M.C. up from the floor, and M.C. pulled up her shorts.  Gray then grabbed her hand and started to walk, but M.C. pulled her hand away and left the room.

M.C. did not initially tell her parents what Gray had done because she was scared of what Gray would do if she told them.  On

another occasion after Thanksgiving, Gray put his hand on M.C.'s hip and squeezed it, making M.C. very uncomfortable.

M.G.'s mother called M.C.'s father and told him about the incident between M.G. and Gray.  After being prodded by her parents, M.C. told her parents what Gray had done to her.

M.C. was subsequently interviewed by child protective services. M.C. told the interviewer that on Thanksgiving, Gray tried to kiss her on the mouth and tried to pull down her shorts.  M.C. also told the interviewer that Gray sometimes put his hand on her leg when she was wearing skirts and would squeeze her leg.

**Defense**

Officer Liam Doyle testified that he responded to the report made by M.G. against Gray.  M.G. did not say that Gray had tickled her or inappropriately touched her.  D.G. told Doyle that he did not see anything inappropriate happen between M.G. and Gray.

During M.G.'s forensic interview, M.G. did not say that Gray had tickled her or inappropriately touched her.

(Lod. No. 10 at 3-5.)  The court of appeal's factual findings are presumed correct, *Miller v. Fenton*, 474 U.S. 104, 105, 106 S. Ct. 445, 88 L. Ed. 2d 405 (1985); 28 U.S.C. § 2254(d); *Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008).

**STATEMENT OF THE CASE**

A jury convicted [Petitioner] William Gray of three counts of committing lewd acts upon a child under the age of 14 ([Cal. Penal] Code,[FN1] § 288, subd. (a); counts 1, 9, & 10); inducing a minor to engage in sexual conduct for a photograph (§ 311.4, subd. (c), count 2); committing a lewd act by force on a child under the age of 14 (§ 288, subd. (b); count 3); misdemeanor false imprisonment (§ 236, count 4); misdemeanor annoying or molesting a child (§ 647.6, subd. (a); count 6); possession of child pornography (§ 311.11, subd. (a); count 7); and attempting a lewd and lascivious act upon a child under the age of 14 (§§ 664/288, subd. (a), count 8).[FN2]

FN1. Statutory references are to the Penal Code unless otherwise specified.

> FN2. Gray also was charged with two counts of committing a lewd and lascivious act upon a child under the age of 14 in violation of section 288, subdivision (a) (counts 5 & 11), but the jury was deadlocked on those counts.

> The court subsequently found true a section 667.61, subdivision (e)(5) [FN3] allegation that Gray had committed the offenses against more than one victim. The court then sentenced Gray to prison for an indeterminate term of 45 years to life plus a determinate term of four years and four months. The sentence consisted of three consecutive terms of 15 years to life for counts 1, 3, and 9; a consecutive eight-month term for count 2 (one-third the midterm); a consecutive eight-month term for count 7 (one-third the midterm); a one-year consecutive term for count 8 (one-third the midterm); two consecutive years for count 10 (one-third the midterm); a concurrent 365 day jail term for count 4; and a concurrent 365–day jail term for count 6.

> FN3. This section and subdivision has since been renumbered to section 667.61, subdivision (e)(4). (Stats.2010, ch. 219, § 16.)

(Lod. No. 10 at 1-2.)

On December 11, 2014, Gray constructively[2] filed the pending Third Amended Petition (TAP), see proof of service, making eight claims, summarized as follow:

> Ground One: ineffective assistance of counsel for failing to raise Fourth Amendment claim adequately;

> Ground Two: same as Ground One;

> Ground Three: prosecutor actively interfered with Gray's ability to consult freely with his attorney, violating Gray's rights to due process and right to counsel;

---

[2] *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988) ("notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"); *Miles v. Prunty*, 187 F.3d 1104, 1106 (9th Cir. 1999) ("the prison "mailbox rule," established in *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988), applied to habeas petitions filed under AEDPA.").

Ground Four: ineffective assistance of appellate counsel for failing to raise instructional error on direct appeal (Cal. Penal Code §311.4(c);

Ground Five: ineffective assistance of appellate counsel for failing to raise instructional error on direct appeal (Cal. Penal Code §311.11(a);

Ground Six: insufficient evidence to support Gray's conviction for California Penal Code § 311.4 (inducing a minor to engage in sexual conduct for a photograph);

Ground Seven: insufficient evidence to support Gray's conviction for California Penal Code § 288(b)(1) (committing a lewd act by force on a child under the age of 14);

Ground Eight: cruel and unusual punishment in violation of the Fourteenth and Eighth Amendments.[3]

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus shall not be granted to a person in custody pursuant to the judgment of a State court except where the State court proceedings adjudication of a claim, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); *Cullen v. Pinholster*, ___ U.S.___, 131 S. Ct. 1388, at 1402 n. 12, 179 L. Ed.2d 557 (2011).  Accordingly, there must exist a United States Supreme Court decision to which the California Supreme Court or Court of Appeal acted contrarily or unreasonably applied.  *See Stuard v. Stewart*, 401 F.3d 1064, 1067 (9th Cir. 2005).  "

"A spare order denying a petition without explanation or citation ordinarily ranks as a disposition on the merits." *Walker v. Martin*, 562 U.S. 307, 131 S. Ct.

---

[3] Gray filed multiple petitions in this Court, all of which he has amended, with the exception of the pending Third Amended Petition. (Docket Nos. 1, 5, 9.)

1   1120, 1124, 179 L. Ed. 2d 62 (2011); *see also Cullen v. Pinholster*, 131 S. Ct. at

2   1402 n. 12, 179 L. Ed.2d 557 (2011).  "Section 2254(d) applies even where there

3   has been a summary denial." *Cullen v. Pinholster*, 131 S. Ct. at 1402.

4       Where there is a silent denial, a petitioner must show "there was no reasonable

5   basis" for the California Supreme Court's decision. *Harrington v. Richter*, 562 U.S.

6   86, 784, 131 S. Ct. 770, 178 L. Ed.2d 624 (2011).  Courts facilitate attributing a

7   reason for a higher court's decision "by applying the following presumption: Where

8   there has been one reasoned state judgment rejecting a federal claim, later

9   unexplained orders upholding that judgment or rejecting the same claim rest upon

10  the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L.

11  Ed. 2d 706 (1991).  A state court is presumed to have adjudicated a federal claim on

12  the merits. *Johnson v. Williams*, ___ U.S. ___, 133 S. Ct. 1088, 1096, 185 L. Ed.

13  2d 105 (2013); *Bell v. Uribe,* 729 F.3d 1052, 158 (9th Cir. 2013).

14      The court of appeal issued decisions on direct appeal with regard to Grounds

15  Six and Seven, and with regard to Grounds One through Three, and Ground Eight

16  in habeas corpus proceedings.

17                                     **ARGUMENT**

18  **I.    GRAY'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
         TO ADEQUATELY ARGUE A SUPPRESSION MOTION IS NOT COGNIZABLE,**

19  **PROCEDURALLY BARRED AND, IN ANY EVENT, IS WITHOUT MERIT**

20      In Ground One, Gray contends that ineffective assistance of counsel for failing

21  to raise a Fourth Amendment claim "adequately."  He argues that officers serving

22  two search warrants seized property that was not authorized for seizure.  He asserts

23  that the first search warrant did not itemize "computers" for seizure, but that

24  officers nonetheless made multiple trips to retrieved computers and "other items"

25  from his residence.  He further asserts that the seizure of computers, cell phones,

26  electronic devices and other items was not authorized until the issuance of a second

27  search warrant hours later.  (TAP at 6-15.)

28

When a criminal defendant complains that trial counsel was ineffective, he must make two showings.  First, he must show the legal representation fell below an objective standard of reasonableness.  *Strickland v. Washington,* 466 U.S. 668, 687-688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Second, a defendant must demonstrate prejudice, and prejudice exists only when it is reasonably probable that a result more favorable to the defendant would have occurred absent the challenged act or omission.  *Strickland v. Washington,* 466 U.S. at 694.  "If it is easier to dispose of an ineffectiveness-claim on the ground of lack of sufficient prejudice, that course should be followed."  *Id*. at 670.  Failure to make the either showing "defeats the ineffectiveness claim."  *Id.* at 700.

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed.2d 836 (2007).  And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  *See Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

## A.   Background

On July 26, 2010, defense counsel filed a motion to suppress and return items not itemized in the two search warrants that were served on Gray, including pornographic magazines, articles of clothing, condoms, and miscellaneous papers, which included a journal entry written by Gray that described an event with a minor child.  (2 CT 347-365; 1 RT 15.)  On the same day, the trial court held a hearing on the matter.  The prosecutor agreed to the suppression of the clothing and the

condoms.  (1 RT 14.)  The trial court reserved ruling on the pornographic

magazines and journal entry.  (1 RT 15-16.)

### B.    A Fourth Amendment challenge is not cognizable in federal habeas corpus proceedings

To the extent Gray is claiming a Fourth Amendment violation, his claim is

foreclosed by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed.2d 1067

(1976).  In *Stone*, the high court held that "where the State has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, a state

prisoner may not be granted federal habeas corpus relief on the ground that

evidence obtained in an unconstitutional search or seizure was introduced at his

trial."  *Id*. at 494.  California provides means by which a defendant can challenge

the constitutionality of searches and seizures, thus, a federal court is precluded from

granting a writ on these claims.  *Gordon v. Duran* 895 F2d 610, 613-14 (9th Cir.

1990) (citing Cal. Penal Code § 1538.5).

### C.    Gray's ineffective assistance of counsel claim is procedurally barred

As for Gray's ineffective assistance of counsel claim, it is procedurally barred

as untimely and successive.  The court of appeal rejected this claim in habeas

corpus proceedings.  The court first found the claim untimely and successive, as

Gray waited "nearly four years" after he was sentenced to make this claim.  *Walker*

*v. Martin*, 562 U.S. 307, 131 S. Ct. 1120, 1123, 179 L. Ed. 2d 62 (2011).

Furthermore, he did not raise the claim in a prior habeas corpus petition, rendering

the claim successive.  (Lod. No. 18 at 1-2.)

### D.    This claim is without merit

The court of appeal also rejected the claim on the merits.  *See Harris v. Reed*,

489 U.S. 255, 264 n. 10, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ("state court

need not fear reaching the merits of a federal claim in an alternative holding.").

The court found that the search warrants provided by Gray with his petition were

1   signed by a judicial officer and specifically authorized police to search for and seize

2   the complained of items.  Therefore, the court of appeal concluded, it would have

3   been futile to move for suppression based on an unreasonable search or seizure, and

4   trial counsel was not ineffective for failing to make a meritless motion.  (Lod. No.

5   18 at 2.)

6        The court of appeal was correct, and Gray's parsing of Corporal Saban

7   Hardesty's testimony does not alter this conclusion.  This is so because none of

8   Hardesty's testimony distinguished between the two search warrants or the items

9   authorized for seizure.

10       To begin, Hardesty testified at trial that the search comprised multiple visits to

11  Gray's residence.  (3 RT 369.)  At the preliminary hearing, he testified that he

12  obtained a search warrant for a digital camera and memory cards.  He found a

13  memory card for the camera plugged into a computer.  While he unplugged the

14  computer, there is no indication he seized it at that time.  (1 CT 95, 114-16.)  Later

15  in his testimony, Hardesty said that he also seized a desktop and two laptop

16  computers and several memory cards on the same day.  (1 CT 120.)

17       During cross-examination, Hardesty said this first visit was at approximately

18  1:00 a.m., at which he point he served the search warrant for the camera and

19  memory cards.  He "cleared" the residence with those items approximately two to

20  three hours later.  (1 CT 95, 114, 153-54.)  There was no testimony that he removed

21  the computer at this time, or before he obtained the second search warrant.

22       Moreover, the prosecutor's questioning of Hardesty at trial regarding the

23  search did not distinguish between the two warrants and the items to be seized.  The

24  prosecutor asked Hardesty if he obtained "a" lawful search warrant.  When defense

25  counsel's objection to the question was sustained (3 RT 367), the prosecutor asked

26  if Hardesty went to Gray's home, whether he witnessed Gray there, and what he

27  was looking for when he entered Gray's house.  (3 RT 367-68.)  While Hardesty

28  said he was looking for cameras, memory cards, and computers (3 RT 368), he

testified about *all* of the digital and electronic devices he found and retrieved from Gray's residence and booked into evidence at that time, including memory cards, cameras, laptop computers, a computer tower, and cell phones (3 RT 368-74), which were itemized in combination in *both* search warrants.

Thus, contrary to Gray's intimation, Hardesty did not testify that he initially entered Gray's residence with the intent to search for and seize computers in violation of the first search warrant.  Therefore, trial counsel had no grounds for challenging the search warrants or Hardesty's service of same.  Counsel is not ineffective for failing to make meritless or futile objections.  *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

In fact, Hardesty did exactly what he should have done when he found the camera's memory card plugged into a computer, which, when coupled with his experience with pedophiles, constituted probable cause to believe Gray had committed crimes beyond taking illicit photographs of one minor; Hardesty sought approval by the magistrate for a further search with a second warrant.  *See United States v. Tamura*, 694 F.2d 591, 595-96 (9th Cir. 1982) ("[W]here documents are so intermingled that they cannot feasibly be sorted on site, we suggest that the Government and law enforcement officials generally can avoid violating fourth amendment rights by sealing and holding the documents pending approval by a magistrate of a further search.").  This claim should be denied.

## II.    GROUND TWO IS THE SAME CLAIM MADE IN GROUND ONE

In Ground Two, Gray appears to be making the same argument he made in Ground One (TAP 5 of 11, 16-25), which Respondent addressed above.

## III.    BECAUSE GRAY WAS PERMITTED FACE-TO-FACE, UNMONITORED MEETINGS WITH HIS ATTORNEY IN THE COURTROOM, HIS CLAIM OF A DENIAL OF COUNSEL IS WITHOUT MERIT

In Ground Three, Gray contends that he was denied his right to counsel when the jail system barred unmonitored attorney/client meetings.  Gray claims that if he

had had the opportunity, he would have told counsel that tickling and wrestling were common, non-sexual activities in his family, and also that he had an "inseperable [sic] nature" with his camera, taking pictures of "family life, both memorable and even unflattering moments."  (TAP at 26-33.)

The court of appeal rejected this claim, finding that Gray failed to explain what he would have done differently at trial had he been able to communicate the complain-of information to counsel or how such information would have affected the jury's verdicts.  Thus, the court concluded, Gray failed to meet his burden to show the denial of counsel resulted in a fundamentally unfair proceeding or an unreliable verdict.  (Lod. No. 20 at 2.)  The California Supreme Court denied the claim in habeas corpus proceedings without comment.  (Lod. No. 22.)

### A.   Background

Before trial, defense counsel advised the trial court that the jail would not permit counsel to meet with Gray in an unmonitored room at the jail facility.  (1 RT 85.)  Counsel asked the trial court if he could meet with Gray in the courtroom early in the day for face-to-face contact, without the courtroom deputy listening.  The trial court granted trial counsel's request.  (1 RT 86.)

### B.   This claim is without merit

"When the government interferes in a defendant's relationship with his attorney to the degree that counsel's assistance is rendered ineffective, the government's misconduct may violate the defendant's Fifth Amendment right to due process as well as his Sixth Amendment right to counsel."  *United States v. Marshank*, 777 F.Supp. 1507, 1519 (N.D. Cal. 1991) (citing *United States v. Irwin*, 612 F.2d 1182, 1185 (9th Cir.1980)).

No such interference occurred here.  In fact, the record belies Gray's claim. The trial court permitted unmonitored contact in the courtroom.  On this record, Gray's alleged failure to tell his attorney whatever he chose to tell him, even if true, was not due to interference by the state.

In any event, Gray cannot establish that his failure to impart the complained-of information to his trial counsel prejudiced him.  The evidence proved that Gray did far more than tickle or wrestle with his victims, and his picture-taking of the victims went beyond "family life" and "unflattering moments" (TAP 26).  Gray kissed seven-year-old M.C. on her mouth, and told her not to tell anyone.  (2 RT 153-54.)  Gray grabbed L.C.'s breast as she walked away from his hugs.  (2 RT 324.)  Gray took a picture of M.C., instructing her to lift her shirt and pushing her hand away when she tried to cover her chest.  (1 RT 121-22, 135-36.)  He took pictures of M.W. while she was changing her clothes.  (2 RT 245-48, 292.)

Gray's self-serving claims regarding his alleged innocent intent (TAP 26) would have fallen on deaf ears in light of the aforementioned and other evidence obtained from his computer, such as websites with names like "My Little Sisters," depicting young girls in various stages of undress (3 RT 395), "Child Porn, Lolita, Pedo," "Alex Child Porn Lover," and "Lolita Free Site," "Lolita" being a known term for child pornography (3 RT 405).

Because Gray fails to meet his burden to demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law, this claim should be denied.

## IV.   BECAUSE THE JURY INSTRUCTIONS WERE A CORRECT STATEMENT OF THE LAW, APPELLATE COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CHALLENGE THEM ON APPEAL

In Grounds Four and Five, Gray contends that appellate counsel was ineffective for failing to raise an alleged instructional error on direct appeal.  He claims the instruction for California Penal Code §§ 311.4(c) (Photographing The Sexual Conduct Of A Minor) and 311.11(a) (Possession of Matter Depicting minor Engaging in Sexual Conduct), specifically the definition of "sexual conduct," [4] was

_____

[4] The jury was instructed in pertinent part as follows:

Sexual conduct means actual or simulated sexual intercourse, oral copulation, anal intercourse, and oral copulation, masturbation,

(continued…)

12

improper. [5] (TAP 29-42.)  Respondent will address these two claims together.  The California Supreme Court rejected this claim without comment.  (Lod. No. 22.)

To prevail on an ineffective assistance of counsel claim in the appellate context, a petitioner must demonstrate that counsel unreasonably failed to discover nonfrivolous issues and file a merits brief raising them and a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed.2d 756 (2000).  In order to determine whether appellate counsel's failure to raise claims was objectively unreasonable and prejudicial, a reviewing court must look to the merits of the omitted issue.  *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir. 2002); see also *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.").

The court of appeal rejected the underlying claim of instructional error in habeas corpus proceedings on a procedural ground, pursuant to *Ex parte Dixon*, 41 Cal. 2d 756, 759 (1953), [6] as the claim could have been raised on direct appeal and

_____

(…continued)

bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd and lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, or any touching of a child's body either on the bare skin or thorough the clothing either by the defendant, someone else, or by the child themselves for the purpose of sexual stimulation of the viewer.  An act is simulated when it gives the appearance of being sexual conduct.

(2 CT 419; 4 RT 639-49.)

[5] Trial counsel had objected to the instruction during a conference on the jury instructions (4 RT 531), but Gray complains that appellate counsel did not raise the issue on appeal.

[6] The California Supreme Court has long held that claims which could have been raised on appeal but were not cannot be raised in habeas corpus proceedings. *In re Walker*, 10 Cal. 3d at 773; *Ex parte Dixon*, 41 Cal. 2d 756, 759, 264 P. 2d 513 (1953); *see also Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000) (defendant desiring to bring claims in state habeas petition must have pursued claims on direct appeal).  The "*Dixon*" procedural bar does not apply to ineffective assistance of counsel claims.  *In re Robbins*, 18 Cal. 4th 770, 814 n. 34, 77 Cal. Rptr.2d 153, 959

(continued…)

was not.  (Lod. No. 17.)  In those proceedings, Gray did not make the ineffective assistance of counsel claim he makes here.  The court of appeal also denied the instructional claim on the merits, which is instructive here, because the court found no error.  As the court of appeal found, the list of factors given the jury to consider has been repeatedly approved by the courts.  (Lod. No. 17 at 2.)  The court of appeal's interpretation of state law is binding.  *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005).

Nonetheless, during a conference on the jury instruction, defense counsel objected to the jury instruction.  (4 RT 531.)  The prosecutor noted that he derived the instruction from *People v. Kongs*, 30 Cal.App.4th 1741 (1994), which defined sexual conduct,[7] and the trial court overruled the objection.  (4 RT 531-32.)

Because the jury instruction was correct under California law, appellate counsel's performance was not deficient for failing to challenge it on appeal.  Moreover, "[i]t should be obvious that the failure of an attorney to raise a meritless claim is not prejudicial."  *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985)).  Thus, the state court's rejection of Gray's ineffective assistance of appellate counsel claim was not an unreasonable application of *Strickland*.  Therefore, this claim should be denied.

**V.   GROUND FIVE WAS ADDRESSED IN CONJUNCTION WITH GROUND FOUR ABOVE**

**VI.  THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT GRAY'S CONVICTION FOR PHOTOGRAPHING THE SEXUAL CONDUCT OF A MINOR**

In Ground Six, Gray contends that insufficient evidence supports his conviction for California Penal Code § 311.4 (c) (photographing sexual conduct of

---

(…continued)
P.2d 311 (1998); *Ex parte Dixon*, 41 Cal. 2d 756, 759, 264 P. 2d 513 (1953).

[7] The transcript indicates that the prosecutor called the case "*Collins*." However, his citation was to the *Kongs* case.

14

a minor).[8]   Specifically, he asserts that the photographs in this case did not reflect sexual conduct.  (Pet. at 43-48.)  The court of appeal rejected this claim in a reasoned decision on direct appeal (Lod. No. 10), and the California supreme Court denied review without comment (Lod. No. 12).

When reviewing claims of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original).  "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S. Ct. 853, 122 L. Ed.2d 203 (1993). California courts review claims of insufficiency of the evidence under the same standard.  See *People v. Johnson*, 26 Cal.3d 557, 578, 162 Cal. Rptr. 431, 606 P.2d 738 (1980).

"[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively

---

[8] California Penal Code 311.4 (c) provides in pertinent part as follows:

(c) Every person who, with knowledge that a person is a minor under the age of 18 years, or who, while in possession of any facts on the basis of which he or she should reasonably know that the person is a minor under the age of 18 years, knowingly promotes, employs, uses, persuades, induces, or coerces a minor under the age of 18 years, or any parent or guardian of a minor under the age of 18 years under his or her control who knowingly permits the minor, to engage in or assist others to engage in either posing or modeling alone or with others for purposes of preparing any representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film, filmstrip, or a live performance involving, sexual conduct by a minor under the age of 18 years alone or with other persons or animals, is guilty of a felony. It is not necessary to prove commercial purposes in order to establish a violation of this subdivision.

appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. at 326.  The high Court has acknowledged that "[b]ecause rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Cavazos v. Smith*, ___ U.S. ___, 132 S. Ct. 2, 4, 181 L. Ed.2d 311 (2011).

As the court of appeal observed, section 311.4 (d)(1) defines "sexual conduct" as:

> "[A]ny of the following, whether actual or simulated: sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals.  An act is simulated when it gives the appearance of being sexual conduct."

(Lod. No. 10 at 7.)

The court noted factors to be considered in determining whether an image is intended to stimulate a viewer by emphasizing a child's genitals, pubic, or rectal area:

> 1) whether the focal point is on the child's genitalia or pubic area; [¶] 2) whether the setting is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; [¶] 3) whether the child is in an unnatural pose, or in inappropriate attire, considering the age of the child; [¶] 4) whether the child is fully or partially clothed, or nude; [¶] 5) whether the child's conduct suggests sexual coyness or a willingness to engage in sexual activity; [¶] 6) whether the conduct is intended or designed to elicit a sexual response in the viewer.

(Lod. No. 10 at 7 (citing *People v. Kongs*, 30 Cal.App.4th 1741, 1755 (1994).)

16

1    In addition, in considering a sufficiency challenge, a reviewing court must

2  determine, " 'based on the overall content of the visual depiction and the context of

3  the child's conduct, taking into account the child's age' [citation], that the

4  photograph depicts an exhibition of the genitals for the purpose of sexual

5  stimulation of the viewer. [Citation.]"  (Lod. No. 10 at 8 (citing *People v. Spurlock*,

6  114 Cal.App.4th 1122, 1133 (2003).)  Nudity alone is not sufficient or strictly

7  necessary.  "Photographs showing a partially clad pubic area may well be intended

8  to elicit a sexual response on the part of the viewer."  (Lod. No. 10 at 8 (citation

9  omitted).)

10    The court of appeal concluded that the four photographs at issue here

11  constituted substantial evidence supporting Gray's conviction.

12    One of the pictures shows M.G. lying on her back on the floor with her
    legs spread and her blouse lifted, exposing her chest.  We determine
13    this pose is sexual in nature and is not natural for a child of M.G.'s age.
    In addition, multiple pictures have M.G. on her hands and knees or on
14    her stomach with her buttocks lifted in the air with the orientation of
    the photograph from behind M.G. These pictures are extremely
15    sexually suggestive.  Although M.G. is mostly clothed, her pose is
    something that would more likely be found in a pornographic
16    magazine then a family photo album.  Indeed, one photograph entirely
17    focuses on M.G.'s buttocks.

18
19  (Lod. No. 10 at 8-9.)

20    In rejecting Gray's argument to the contrary, the court of appeal observed,

21    Gray's arguments ignore the overall content and context of the
22    photographs.  M.G. was only eight years old at the time.  Gray had her
    pose in certain positions and required her to lift her blouse.  These
23    poses were sexually provocative, and Gray orchestrated them.
24    Substantial evidence thus supports the jury's finding that Gray violated
    section 311.4.
25
26  (Lod. No. 10 at 9.)
27

28

17

1   Gray does not meet his burden to demonstrate that the state court's rejection of

2   this claim was contrary to, or an unreasonable application of, clearly established

3   federal law.  Instead, he argues his version of what the photographs do not show.

4   (Pet. at 46.)  Federal habeas corpus proceedings are not a forum for Gray to

5   relitigate his state trial.  *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77

6   L. Ed.2d 1090 (1983); see also *Swan v. Peterson*, 6 F.3d 1373, 1378 (9th Cir.

7   1993).  Because Gray does not meet his burden, this claim should be denied.

8   **VII. THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT GRAY'S**
    **CONVICTION FOR COMMITTING A LEWD ACT ON A MINOR UNDER**
9   **FOURTEEN BY FORCE**

10   In Ground Seven, Gray contends that there was insufficient evidence to

11   support his conviction for California Penal Code § 288(b)(1) (a lewd act on a minor

12   under fourteen by force).  (Pet. at 49-55.)  The court of appeal rejected this claim in

13   a reasoned decision on direct appeal (Lod. No. 10), and the California Supreme

14   Court denied review without comment (Lod. No. 12).

15   As the court of appeal noted, the elements of section 288 (b) are: "(1) physical

16   touching of a child under age 14; (2) for the present and immediate purpose of

17   sexually arousing or gratifying the defendant or the victim; and (3) the touching

18   was accomplished by use of force, violence, duress, menace, or fear of injury."

19   (Lod. No. 10 at 10 (citing *People v. Alvarez,* 27 Cal.4th 1161, 1171 (2002).)  Force,

20   in this context, means physical force that is " 'substantially different from or

21   substantially greater than that necessary to accomplish the lewd act itself.' " (Lod.

22   No. 10 at 10 (citation omitted).)  Here, the court of appeal found sufficient evidence

23   of force as follows:

24       For example, Gray grabbed M.C. under her arms and pulled her onto
         his lap as he was sitting on the bed.  He then kissed her on the mouth.
25       After she got off his lap, he grabbed her hand and pulled her over to a
         more secluded part of the bedroom, near the closet.  There he picked
26       M.C. up and put her down on the floor on her back.  He then knelt
         down over her and pulled her shorts down.  During this time, M.C. was
27       kicking Gray trying to get him to stop.  After M.C.'s brother and
28

18

1
2
> cousin came into the room and Gray allowed M.C. to get up, he attempted to grab her yet again.

3
(Lod. No. 10 at 11.)

4      In light of this evidence, Gray does not meet his burden to demonstrate that
5  the state court's rejection of this claim was unreasonable.  Instead, he argues that
6  the force he used was no greater than necessary to accomplish the act (Pet. at 51-
7  52), and M.C. did not fear him (Pet at 53-54). [9]  (Pet. at 53-54.)  Again, federal
8  habeas corpus proceedings are not a forum for Gray to reargue his case.  *Barefoot v.*
9  *Estelle*, 463 U.S. at 887; *Swan v. Peterson*, 6 F.3d at 1378.  This claim should be
10 denied.

11 **VIII.  GRAY'S CLAIM THAT HIS CONSECUTIVE LIFE SENTENCES**
**CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT FAILS TO STATE A**
12 **FEDERAL QUESTION, IS PROCEDURALLY BARRED, AND WAS**
**REASONABLY REJECTED BY THE STATE COURT, AS THE TRIAL COURT**
13 **PROPERLY SENTENCED HIM UNDER CALIFORNIA LAW FOR SEXUALLY**
**MOLESTING MULTIPLE VICTIMS, TO WIT, FOUR LITTLE GIRLS**
14

15     In Ground Eight, Gray contends that his sentence constitutes cruel and unusual
16 punishment in violation of the Fourteenth and Eighth Amendments.  Specifically,
17 he claims the trial court abused its discretion.  (TAP at 58-61.)  The court of appeal
18 rejected this claim in habeas proceedings, finding the claim procedurally barred,
19 and in the alternative, without merit.  (Lod. No. 24 at 2-3.)  The California Supreme
20 Court rejected it without comment.  (Lod. No. 22.)

21     **A.    This Claims Fails To State A Federal Question**
22     To the extent Gray is alleging a violation of the California Constitution (TAP
23 59), he fails to state a federal question cognizable in federal habeas corpus
24 proceedings.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d

25 _____
26 [9] Because the court of appeal determined substantial evidence of *force*
existed to satisfy the requirements of section 288(b), it did not need to address
27 Gray's assertion there was insufficient evidence of *duress* to support his conviction
under count 3.  (Lod. No. 10 at 12.)
28

385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## B.    This Claim Is Procedurally Barred

The court of appeal found this claim procedurally barred because Gray could have raised it on appeal and failed to do so.  (Lod. No. 24 at 2-3 (citing *Ex parte Dixon*, 41 Cal. 2d at 759).)  In *Ex parte Dixon,* the California Supreme Court held habeas corpus cannot serve as a substitute for an appeal; "the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."  *Ex parte Dixon*, 41 Cal. 2d 756, 759, 264 P. 2d 513 (1953); *see also Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' "  *Walker v. Martin*, 562 U.S. 307, 131 S. Ct. 1120, 1127, 179 L. Ed. 2d 62 (2011) (citations omitted) (addressing California's timeliness bar).  The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits.  *Id.*  "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.' "  *Id.* (citation omitted).  California's *Dixon* rule is an independent and adequate state-law bar to federal habeas corpus review.

In *In re Robbins*, 18 Cal.4 th 770, 811-812, 77 Cal. Rptr. 2d 153, 959 P. 2d 311 (1998), the California Supreme Court held it would no longer consider whether an error alleged in a state petition constituted a federal constitutional violation.  As the Ninth Circuit observed in *Bennett*, a pre-*Robbins* denial of a state habeas petition for a *Dixon* violation "does not bar subsequent federal review, and that the state court's discussion of the *Dixon* rule should apply equally to the *Clark* untimeliness rule.  *See Bennett v. Mueller*, 322 F.3d 573, 582 (9th Cir. 2003) (*citing*

20

1  *Park v. California*, 202 F.3d 1146, 1152, n. 3 (9th Cir. 2000).).  In *Park*, the court

2  had observed that "the California Supreme Court previously addressed the merits of

3  fundamental constitutional claims when applying the *Dixon* rule."  *Id*.

4       Thus, before *Robbins*, the *Dixon* rule was "interwoven" with, and not

5  independent from, federal law.  *Bennett v. Mueller*, 322 F.3d at 582.  While the

6  *Park* court declined to determine whether *Robbins* established the independence of

7  the *Dixon* rule in the future, it suggested that, for post-*Robbins* denials, the analysis

8  may be substantially different.  *Id*.  The Ninth Circuit, "respect[ing] the California

9  Supreme Court's sovereign right to interpret its state constitution independent of the

10  federal law," and applying *Robbins* prospectively, affirmed the district court's

11  determination that "a post-*Robbins* denial of Bennett's state petition for lack of

12  diligence (untimeliness) was not interwoven with federal law and therefore is an

13  independent procedural ground.  *Id*. at 582-583.

14       In *Smith v. Crones*, No. 2:07-cv-02004-AK, 2010 WL 1660240 (E.D. Cal.

15  April 22, 2010) (Kozinski, J.), the district court observed that, "[a]lthough the Ninth

16  Circuit hasn't addressed the independence of California's *Dixon* rule post-*Robbins*,

17  when evaluating a different procedural bar with the same exceptions it held that 'the

18  California Supreme Court's post-*Robbins* denial of [petitioner's] state petition for

19  lack of diligence (untimeliness) was not interwoven with federal law and therefore

20  is an independent procedural ground.' "  *Id*. at *1 (*citing Bennett v. Mueller*, 322

21  F.3d at 582-83).  The district court concluded that "*Robbins* thus converted *Dixon*

22  into an independent state ground."  *Id*. (*citing Protsman v. Pliler*, 318 F. Supp. 2d

23  1004, 1007-08 (S.D. Cal. 2004)).

24       Here, the *Dixon* rule applies to Gray's claim.  Respondent having pled an

25  affirmative defense, the burden shifts to Gray to challenge the *Dixon* bar.  *See*

26  *Bennett v. Mueller*, 322 F.3d at 586.  Gray has not asserted or provided evidence or

27  authority holding the *Dixon* rule inadequate.

28

## C.   This claim is not cognizable in federal habeas corpus proceedings

Matters relating to state sentencing are governed by state law and generally not cognizable on federal habeas review.  *See Lewis v. Jeffers*, 497 U.S. at 780 (rejecting petitioner's claim that state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"); *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (rejecting as non-cognizable claim that trial court failed to exercise discretion under *Romero*), judgment vacated on other grounds, 538 U.S. 901, 123 S. Ct. 1509, 155 L. Ed. 2d 220 (2003); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding sentencing error claim under California Penal Code § 654 not cognizable on federal habeas review); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding claim that offense did not qualify as a "serious felony" for purposes of California's sentence enhancement provisions not cognizable on federal habeas review); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) (observing "a state court's interpretation of its [sentencing] statute does not raise a federal question").

Here, Gray complains that the trial court was "unreasonable" in exercising its discretion under California law.  (TAP at 59.)  This claim is not cognizable.

## D.   Gray's Federal Claim Is Without Merit

If this Court decides to reach the merits of this claim, it should be denied as being without merit.  After finding this claim procedurally barred, the court of appeal found that it had no merit.  (Lod. No. 23 at 3.)  The court was correct.

A punishment violates the Eighth Amendment if it involves the "unnecessary and wanton infliction of pain" or if it is "grossly out of proportion to the severity of the crime."  *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed.2d 859 (1976).  Gray fails to make such a showing here.

In *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003), the defendant, a recidivist, was sentenced to two twenty-five years to life in

state prison terms, with the possibility of parole, pursuant to California's Three Strike Law for stealing $1,197 worth of golf clubs.  Likewise, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003), the defendant, also a recidivist, was sentenced to two consecutive terms of twenty-five years to life, with the possibility of parole, following his conviction for stealing $150 worth of videotapes.  In *Harmelin,* a Michigan defendant, who was not a recidivist, was sentenced to a mandatory life sentence in prison, without parole, for possessing 650 grams of cocaine.  In none of these cases did the high Court find an Eighth Amendment violation.

Here, Gray sexually molested four little girls.  Under California law, the trial court had the discretion to impose consecutive sentences.  Trial counsel argued for the life sentences to be served concurrently, in part because Gray had been allegedly crime-free.  (4 RT 686-87.)  But as the prosecutor observed, Gray had been committing these crimes over the period of a decade.  (4 RT 687.)

In support of its ruling imposing three consecutive fifteen-year-to-life sentences, the trial court found that "Mr. Gray spends his waking life thinking about young girls," and that Gray's predilection was "pervasive."  The court concluded, "So my goal is to protect every young girl, and I'm going to sentence him to do that."  (4 RT 688.)

On this record, the trial court did not abuse its discretion, and the sentence itself did not violate Gray's Eighth Amendment right given the seriousness of Gray's crimes and the number of his victims.  Thus, the state court's rejection of this claim it did not result in a decision that was contrary to, nor an unreasonable application of, clearly established federal law, and this claim should be denied.

## IX.   NO EVIDENTIARY HEARING IS WARRANTED

An evidentiary hearing is not required if the issues can be resolved by reference to the state court record.  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998); *see also Schriro v.Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L.

Ed.2d 836 (2007) (if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).  An evidentiary hearing is pointless where a district court can determine that § 2254(d) precludes the issuance of a writ, *Sully v. Ayers*, 725 F.3d 1057, 1076 (9th Cir. 2013), as is the case here.  Furthermore, pursuant to §2254(d)(1), any analysis of Gray's claims is limited to the record that was before the state court.  *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557, 79 (2011).

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests this Court deny Gray's Third Amended Petition, with prejudice, and no certificate of appealability should issue.  28 U.S.C. §§ 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000).


Dated:  March 2, 2015                              Respectfully submitted,

                                                  KAMALA D. HARRIS
                                                  Attorney General of California
                                                  KEVIN VIENNA
                                                  Supervising Deputy Attorney General


                                                  */s/ Angela M. Borzachillo*
                                                  ANGELA M. BORZACHILLO
                                                  Deputy Attorney General
                                                  *Attorneys for Respondent*

SD2015800172
71035997.doc

24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX

# **APPENDIX**

Riverside County Superior Court, case no. RIC1402071, constructively filed February 24, 2014, denied March 6, 2014 (Lod. Nos. 13, 14);

Riverside County Superior Court, case no. RIC1404733, constructively filed May 1, 2014, denied May 16, 2014 (Lod. Nos. 15, 16);

California Court of Appeal, case no. D066019, constructively filed May 5, 2014, denied June 24, 2014, transferred to Division One from Division Two case no. E061144, (Lod. Nos. 17, 18);

Riverside County Superior Court, case no. RIC1408308, constructively filed August 21, 2014, denied August 27, 2014 (Lod. Nos. 19, 20);

California Supreme Court, case no. S220826, constructively filed August 24, 2014, denied November 12, 2014 (Lod Nos. 21, 22);

California Court of Appeal, case no. D066719, constructively filed September 9, 2014, denied October 7, 2014, transferred to Division One from Division Two case no. E061899, (Lod. Nos. 23, 24).

# CERTIFICATE OF SERVICE

Case Name: **William Lee Gray v. Kim**            No.   **EDCV 14-0524 PA (RZ)**
           **Holland, Warden**

I hereby certify that on **March 2, 2015**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **March 2, 2015**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**William Lee Gray**
CDC# AF-0718
California Correctional Institution
P.O. Box 1905
Tehachapi, CA 93581

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 2, 2015**, at San Diego, California.

_____            _____
            Jena Ray                                    Signature
            Declarant
71038897.doc